UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FREDERICK L JEFFERSON #14702-076,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-05262<br>SEC P |
| VERSUS | JUDGE DRELL |
| G DORAN ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint and filed by pro se Plaintiff Frederick L. Jefferson ("Jefferson"). ECF Nos. 1, 10. Jefferson is incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI-P"). He alleges that his constitutional rights were violated by several federal employees, and he seeks monetary damages. Although Jefferson filed the Complaint on a civil rights form (42 U.S.C. § 1983), his claim for damages against federal officers is analyzed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

Because Jefferson fails to state a constitutional claim, his Complaint (ECF Nos. 1, 10) should be DENIED and DISMISSED WITH PREJUDICE.

---

[1] The United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials under § 1983.

1

I.  Background

Jefferson alleges that Officer Doran told inmates that he was a snitch. ECF No. 1 at 3. On July 7, 2022, Officer Doran told other inmates that Jefferson was not coming back to the unit then unlocked Jefferson's cell door and locker. Jefferson alleges that other inmates took his personal property. *Id.* In an Amended Complaint, he also alleges that he was "sucker punched" by other inmates when he returned to the dorm. ECF No. 10 at 1. Jefferson asserts that he suffered mental health issues after the incident. *Id.* at 2.

Jefferson alleges that Lt. Small "mis-handled corruption evidence" and failed to report the mishandling of Jefferson's mail. He claims that he was denied the right to access the courts, resulting in anxiety. ECF No. 10 at 3.

Next, Jefferson alleges that Lt. Bailey is liable for the acts of officers in her control and failed to reprimand the officers that allegedly violated his constitutional rights. Jefferson also alleges that Lt. Bailey did not ensure he got medical aid for an unspecified injury. ECF No. 10 at 4.

Jefferson asserts that Lt. Courville violated his constitutional rights by refusing to report corruption of Officer Doran after being notified of Officer Doran's actions. ECF No. 10 at 7.

Jefferson states that Defendant Nash violated his constitutional rights by expressing sarcasm regarding his mail. ECF No. 10 at 11.

Jefferson clarifies that Defendants N. Harvey, Mr. Lipscomb, Ms. Noblitt, Mr. Muse, and Mr. Pryor are potential witnesses who did not violate his constitutional rights. ECF No. 10 at 5, 6, 8, 9.

II. <u>Law and Analysis</u>

    A. <u>Jefferson's Complaint is subject to preliminary screening.</u>

Jefferson is a prisoner seeking redress from an officer or employee of a governmental entity, so his Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Jefferson's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Id.*

    B. <u>Jefferson fails to state a claim under *Bivens*.</u>

Although § 1983 entitles an injured person to money damages if a state official violates his or her constitutional rights, Congress did not create an analogous statute for federal officials. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). An implied damages remedy against federal officials in their individual capacities for the violation of an individual's constitutional rights was first recognized in *Bivens*, where the United States Supreme Court held that it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures. Jefferson seeks monetary relief from federal

officers for the alleged violation of his constitutional rights, so his claims arise under *Bivens*.

A *Bivens* claim is only available in limited circumstances. The United States Court of Appeals for the Fifth Circuit has recently confirmed:

> Today, *Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90, 91 S.Ct. 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).
>
> Virtually everything else is a "new context." *See Abbasi*, 137 S. Ct. at 1865 (explaining that "the new-context inquiry is easily satisfied"). As the Supreme Court has emphasized, our "understanding of a 'new context' is broad." *Hernandez v. Mesa*, ––– U.S. –––, 140 S. Ct. 735, 743, 206 L.Ed.2d 29 (2020). That's because "even a modest extension" of the *Bivens* trilogy "is still an extension." *Abbasi*, 137 S. Ct. at 1864. And to put it mildly, extending *Bivens* to new contexts is a "disfavored judicial activity." *Id.* at 1857 (quotation omitted).

*Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020).

"The Supreme Court has provided a two-part test to determine when extension would be appropriate." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 2850 (2022), *reh'g denied*, 143 S.Ct. 61 (2022). "First, courts should consider whether the case before it presents a 'new context.'" *Id.* (citing *Hernandez*, 140 S. Ct. at 743. And virtually everything outside the specific circumstances presented in *Bivens*, *Davis*, and *Carlson* presents a "new context." *Oliva*, 973 F.3d at 442. "The critical question is not whether the claim arises under the same amendment at issue

4

in *Bivens*, *Davis*, or *Carlson*, but rather, whether the case 'is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court.'" *Dissler v. Zook*, 3:20-CV-00942, 2021 WL 2598689, at *3 (N.D. Tex. 2021), *report and recommendation adopted*, 2021 WL 2589706 (N.D. Tex. 2021) (citations omitted).

None of the claims Jefferson presents arise under the specific circumstances presented in *Bivens*, *Davis*, and *Carlson*. Therefore, Jefferson presents a "new context." *Oliva*, 973 F.3d at 442.

If a claim arises in a new context, courts proceed to the second step of the inquiry and contemplate whether there are any special factors that counsel hesitation about granting the extension. *Id.* (quoting *Hernandez*, 140 S. Ct. at 743). The Supreme Court has not defined "special factors counselling hesitation," *Abbasi*, 137 S. Ct. at 1857-58, but "[s]ome recognized special factors to consider include: whether there is a 'risk of interfering with the authority of the other branches,' whether 'there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy,' and 'whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed.'" *Byrd*, 990 F.3d at 881 (quoting *Hernandez*, 140 S. Ct. at 743). "When a party seeks to assert an implied cause of action under the Constitution," as in this case, "separation-of-powers principles . . . should be central to the analysis." *Abbasi*, 137 S. Ct. at 1857.

There are special factors suggesting *Bivens* should not be extended to Jefferson's claims. Congress has designed an alternative remedial structure under

5

the Federal Tort Claims Act ("FTCA"). In addition, the BOP's Administrative Remedy Program provides an alternative process foreclosing a damages remedy under *Bivens*. *See Sheldon v. Underwood*, 3:19-CV-2041, 2022 WL 1651463, at *6 (N.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 1644443 (N.D. Tex. 2022); *Dudley v. United States*, 4:19-cv-317, 2020 WL 5322338 (N.D. Tex. 2020), at *8; *Begay v. Leap*, 3:17-CV-2639, 2019 WL 1318410, at *3 (N.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 1315901 (N.D. Tex. 2019) (citations omitted); *Brunson v. Nichols*, 1:14-CV-2467, 2018 WL 7286410, at *3 (W.D. La. 2018) (citing cases). Even if the FTCA or grievance process does not provide the exact relief sought, the Supreme Court has been clear that the alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would. *Oliva*, 973 F.3d at 444.

Additionally, the "administration of the federal prison system" is a special factor counseling hesitation against such expansion. *Nabaya v. Bureau of Prisons*, 3:19-cv-215, 2020 WL 7029909, at *5 (N.D. Tex. Oct. 7, 2020), *report and recommendation adopted*, 2020 WL 7027470 (N.D. Tex. Nov. 30, 2020); *see also Sheldon*, 2022 WL 1651463, at *6; *Petzold v. Rostollan*, 946 F.3d 242, 248 n.2 (5th Cir. 2019) ("[W]e are unlikely to imply a *Bivens* remedy for this new context as 'special factors' counsel hesitation in federal prison administration.") (citing *Abbasi*, 137 S. Ct. at 1857-58).

Because special factors preclude the extension of *Bivens* to Jefferson's claims, his Complaint should be denied and dismissed.

Furthermore, even if Jefferson could state a constitutional violation, he would not be entitled to recover compensatory damages. Title 42 U.S.C. § 1997e(e) specifically provides that prisoners are barred from recovering compensatory damages for mental or emotional injuries "unless there is a prior showing of physical injury. . . ." The injury must be more than de minimis, but it need not be significant. *Alexander v. Tippah Cty., Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003) (citing *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). Jefferson does not allege that he suffered any physical injury. He alleges that he experienced anxiety and emotional pain and the loss of personal property.

### III. Conclusion

Because Jefferson fails to state a constitutional claim, IT IS RECOMMENDED that his Complaint (ECF Nos. 1, 10) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Thursday, February 23, 2023.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE